UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AUSTIN VAUGHAN,

        Plaintiff,

  -v-                                                 16-CV-6316-FPG
                                                          DECISION AND ORDER
JUDGE MICHAEL SCHIANO and
OFFICER PLOOF,

        Defendants.
_____

*Pro se* Plaintiff Austin Vaughan has filed this action seeking relief under 42 U.S.C. § 1983 and has requested permission to proceed *in forma pauperis*. ECF Nos. 1, 2. Also pending before the Court are two applications to supplement the Complaint. ECF Nos. 4, 7.

Plaintiff's Complaint is a largely disjointed litany of assorted grievances, but read liberally, Plaintiff alleges that (1) Judge Michael Schiano ruled against him during traffic court proceedings in Ogden Town Court; (2) Odgen Police Officer Ploof violated Plaintiff's rights by requiring him to possess a valid driver's license while operating a motor vehicle on public roads, (3) various prosecutors have rebuffed his attempts to persuade them to file criminal charges against other individuals; and (4) his vehicle was seized and later sold by governmental officials.

For the reasons discussed below, (1) Plaintiff's request to proceed as a poor person is granted, (2) the claims against Judge Michael Schiano are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); (3) the claims against Officer Ploof regarding the driver's license allegations are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (4) the claims regarding the failure of prosecutors to bring criminal charges are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (5) Plaintiff's claims regarding the unlawful seizure of

his care are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (6) unless Plaintiff files an amended complaint that cures the noted deficiencies regarding the seizure and sale of his car, those claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (7) Plaintiff's application to add Judge Murante as a Defendant to this case (ECF No. 4) is DENIED; and (8) the October 24, 2016 application (ECF No. 7) is STRICKEN from the record, and any relief sought by that filing is DENIED AS MOOT.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Title 28, United States Code, Section 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

After reviewing the Complaint, the Court determines that the majority of it must be dismissed under Section 1915(e) because certain Defendants are immune from suit, and most of Plaintiffs' claims are either frivolous or fail to state a claim upon which relief could be granted. Unless Plaintiff files an amended complaint that addresses the problems noted below regarding his claim about the sale of his car, that claim will also be dismissed for failure to state a claim.

I.   <u>Absolute Immunity: Judge Michael Schiano</u>

Plaintiff's claims against Judge Michael Schiano all relate to actions that he took in his judicial role. As such, Judge Schiano is entitled to absolute judicial immunity from the allegations in the Complaint.

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judicial immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though unfairness and injustice to a litigant may result on occasion. *Mireles*, 502 U.S. at 9. Judicial immunity can be overcome only if the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547.

Plaintiff's Complaint only alleges acts taken by Judge Schiano in his judicial role during a case in Ogden Town Court. Accordingly, Plaintiff's claims against Judge Schiano are precluded by the doctrine of absolute judicial immunity and must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

II.   <u>Right to Drive Without a License</u>

Plaintiff alleges that Officer Ploof conducted a traffic stop on May 20, 2014, and imposed on Plaintiff the allegedly "unlawfull (sic) requirement" that he possess a valid driver's license to operate a motor vehicle on public roads. ECF No. 1 at 2. Plaintiff further alleges that he "was not engaged in transportation (commerce) and that I had a God given right to travel privately

3

without a license (privledge (sic)) that must be paid for which is a tax and a fraud upon the people." *Id.*

Plaintiff's allegations are frivolous and must be dismissed. Despite Plaintiff's pages of protestations to the contrary, it is well settled that requiring individuals to possess a valid driver's license to operate a motor vehicle on public roads is indeed Constitutional.

It is well settled that "travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on that travel simply do not amount to the denial of a fundamental right." *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 54 (2d Cir. 2007). Indeed, the Supreme Court has repeatedly affirmed that states have an important interest in maintaining safety on public roadways, and that states may suspend or revoke individuals licenses to operate motor vehicles. *See, e.g., Mackey v. Montrym*, 443 U.S. 1, 19 (1973); *Dixon v. Love*, 431 U.S. 105, 115 (1977). Simply put, there is no "fundamental right to drive a vehicle on public roads." *Hasleton v. Amestoy*, No. 03-CV-223, 2003 WL 23273581, at *2 (D. Vt. Nov. 4, 2003).

As such, Plaintiff's claims against Officer Ploof based upon his underlying belief that requiring individuals to possess a valid driver's license to operate a motor vehicle is unconstitutional lack any basis in fact or law, and are dismissed as being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.   Prosecution of Others

While the precise details are unclear, read liberally, Plaintiff alleges that he sent multiple documents and complaints to various prosecutors' offices, and alleges that based upon his submissions, criminal charges should be brought against certain individuals. These allegations

fail to state a claim. It is well settled that individuals have no right to compel a prosecutor to bring charges against another individual, and further, individuals lack standing to pursue any criminal charges against individuals. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Any claims based upon the alleged failure to bring criminal charges against others must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      IV.      <u>Seizure and Sale of Plaintiff's Vehicle</u>

Again, while difficult to determine the exact contours of Plaintiff's claim, he appears to allege that his 1990 Plymouth was seized on May 20, 2014 by Officer Ploof without probable cause, and was later sold. Plaintiff alleges that "never was I found guilty in court for any traffic violation," ECF No. 1 at 15, and that "my car was unlawfully sold after I attended court on 6-2-14 as required on the ticket." ECF No. 1, at 2.

Plaintiff's allegation that his car was seized without probable cause cannot proceed. As Plaintiff's Complaint makes clear, he was pulled over on May 20, 2014 by Officer Ploof for driving without a license, and the documents attached to the Complaint further illuminate the charges. Specifically, Plaintiff was charged by Officer Ploof with (1) operating a motor vehicle without a license in violation of New York Vehicle and Traffic Law ("NY VAT") § 509.1; (2) operating an unregistered motor vehicle in violation of NY VAT § 401.01A; (3) operating a motor vehicle without proper insurance in violation of NY VAT § 319.01; (4) operating a motor vehicle without a New York Inspection Certificate in violation of NY VAT § 306(b); and (5) operating a motor vehicle that displayed license plates not assigned to that vehicle in violation of NY VAT § 402.04. See ECF No. 1 at 23. Plaintiff alleges multiple times in his Complaint that

he does not need a driver's license to operate a motor vehicle, but as stated previously, this contention is without merit. Plaintiff does not allege that he actually possessed a valid license at the time of the vehicle seizure on May 20, 2014, and Plaintiff offers no other facts to demonstrate a lack of probable cause. Indeed, Plaintiff explicitly states in his Complaint that "I never had a license, as I don't need one…" ECF No. 1 at 7. With this admission, and without alleging any facts to demonstrate a lack of probable cause for the traffic stop and resulting charge of unlicensed operation of a motor vehicle that led to the vehicle's seizure, his illegal seizure claim cannot proceed.

Plaintiff also alleges that his car was later sold, although the details of this sale are also far from clear. At one point, Plaintiff alleges that "Schiano [is] guilty of trafficking stolen autos fulling (sic) supporting Jim's Towing Carring (sic) out this Racketeering." ECF No. 1 at 9. Again, to the extent that Plaintiff takes issue with Judge Schiano's rulings in Ogden Town Court, he cannot raise those claims here, and any damages claims against Judge Schiano are barred by the doctrine of absolute judicial immunity.

The only remaining Defendant in this case is Officer Ploof, who conducted the traffic stop that led to the seizure and ultimate sale of Plaintiff's vehicle. While Plaintiff alleges that the car was illegally sold, he has not alleged any facts that would demonstrate that Officer Ploof had any involvement in that sale that would give rise to liability on his part.

However, given the liberal standards that the Court must apply to this *pro se* Complaint, it is possible that Plaintiff is attempting to state a due process claim. Nevertheless, the claim cannot proceed as it is currently presented, and if Plaintiff wishes to pursue this claim, he must file an amended complaint that cures the following defects, if facts exist to make such allegations.

To state a procedural due process violation, a plaintiff "must prove that he or she was deprived of an opportunity ... granted at a meaningful time and in a meaningful manner for [a] hearing appropriate to the nature of the case." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir. 1988). Here, Plaintiff claims that his car was seized and subsequently sold at a public sale. But other than a conclusory allegation that his rights were violated, Plaintiff does not provide any specific allegations as to how his due process rights were violated. As such, the Court will grant Plaintiff leave to amend his Complaint to allege facts that would support this cause of action. Further, Plaintiff must bear in mind that the facts must demonstrate that the remaining Defendant in this case – Officer Ploof – was responsible for the alleged unconstitutional sale of his vehicle. Plaintiff is forewarned that he may not state a claim by alleging that the outcome of a hearing or court proceeding was incorrect, or that he disagrees with the law. If facts exist to support such a due process claim, Plaintiff may file an amended complaint that contains those allegations by April 28, 2017. Otherwise, this claim will also be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.      Motions to Supplement

      A.      June 24, 2016 Application

In a one page letter, Plaintiff asks the Court to "include Judge Murante in this petition, who has replaced Judge Schiano in this 2 yr old unresolved traffic issue." ECF No. 4. Similar to the allegations against Judge Schiano, Plaintiff only makes allegations against Judge Murante for actions he took in his judicial role. As such, Judge Murante is also entitled to absolute immunity from suit, and he cannot be sued for these alleged actions. The application to include Judge Murante in this case as a Defendant (ECF No. 4) is DENIED.

B.      October 26, 2016 Application

The October 26, 2016 filing (ECF No. 7) is problematic because the document is not signed by Plaintiff. Rather, it is signed by Walt Wojtczak, and then bears a printed name of Austin Vaughan. Indeed, the entire document appears to have been prepared by Mr. Wojtczak, who has brought several prior actions in this district, all of which were dismissed for failure to state a claim. Indeed, the handwriting on the document filed in this case appears identical to that of Mr. Wojtczak's filings in his prior cases. *See, e.g., Wojtczak v. Cooman, et al.*, W.D.N.Y. Case No. 14-CV-6091-CJS, ECF No. 1.

Mr. Wojtczak is not an attorney admitted to practice before this Court, so he may not file documents on behalf of Plaintiff. As such, the October 26, 2016 filing (ECF No. 7) is hereby stricken, and the Clerk shall strike the document from the public record. Any relief sought by this filing is DENIED AS MOOT.

Plaintiff is warned that unauthorized individuals may not submit documents on his behalf, nor may he be represented by a non-attorney in this matter. Further violations of these rules may lead to sanctions.

## CONCLUSION

For all of the foregoing reasons, (1) Plaintiff's request to proceed as a poor person (ECF No. 2) is GRANTED; (2) Plaintiff's claims against Judge Michael Schiano are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); (3) Plaintiff's claims against Officer Ploof based upon his belief that he may operate a motor vehicle on public roads without a driver's license are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); (4) Plaintiff's claims regarding the failure of prosecutors to bring criminal charges are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (5) Plaintiff's claims regarding the unlawful seizure of his care are dismissed with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii); (6) Plaintiff's application to add Judge Murante as a Defendant to this case (ECF No. 4) is DENIED; (7) the October 24, 2016 application (ECF No. 7) is STRICKEN from the record and any relief sought by that filing is DENIED AS MOOT; and (8) unless Plaintiff files an amended complaint by April 28, 2017 that cures the noted deficiencies regarding the sale of his car, that claim will also be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

If an amended complaint is not filed by April 28, 2017, the Clerk of Court shall close this case as dismissed with prejudice and enter judgment accordingly, without further order of the Court.

Further, if an amended complaint is not filed by April 28, 2017 and the case is therefore dismissed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

DATED:   March 28, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court